NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BARRY MICHAEL HASSELL, II, *Appellant.*

No. 1 CA-CR 16-0244
FILED 6-1-2017

Appeal from the Superior Court in Maricopa County

No. CR2015-110925-001
The Honorable Pamela S. Gates, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Offices of Richard D. Gierloff, Mesa
By Richard D. Gierloff
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Patricia K. Norris joined.

**M c M U R D I E,** Judge:

**¶1**        Barry Michael Hassell (Defendant) appeals his convictions for: (1) escape in the second degree, a class 5 felony; (2) interference with a monitoring device, a class 4 felony; and (3) misconduct involving weapons, a class 4 felony, and the respective sentences.[1]

**¶2**        Defendant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, counsel found no arguable question of law that was not frivolous. Defendant was given the opportunity to file a supplemental brief, but did not do so. Counsel asks this court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Defendant's convictions and sentences.

## FACTS AND PROCEDURAL BACKGROUND

**¶3**        Defendant was on supervised release in September 2013 during the pendency of Maricopa County Cause No. CR 2013-003511-001. On February 5, 2015, Patrick Gorman, a supervisor with Adult Probation and Pretrial Services Division assigned to Defendant, received a no-motion alert from Defendant's monitoring device. Gorman attempted to contact Defendant via telephone at his home and workplace, but was unsuccessful.

**¶4**        Adult Probation supervisor Robert DeMers responded to a call from the Pretrial Services Division regarding Defendant and proceeded to Defendant's home. DeMers located the device in the backyard of the home, wrapped around foam with a screwdriver sticking through it. Gorman then filed a petition to review and revoke the conditions of release and requested a warrant for arrest.

---

[1]        Defendant was also convicted on other charges in Maricopa County Cause Number CR2013-003511-001. A separate memorandum decision addressing Defendant's appeal from his convictions in that matter is filed contemporaneous with this decision.

**¶5** On March 6, 2015, DPS Officer Arthur was on patrol and ran a registration check on a vehicle with a stolen license plate. Officer Arthur, together with two other units pursued the vehicle. The officers attempted to stop the vehicle by displaying the emergency lights and siren. However, the vehicle would not yield, and employed evasive tactics while increasing speed. Defendant was eventually taken into custody. The officers inventoried Defendant's backpack and found a handgun with a magazine.

**¶6** Defendant was charged with escape in the second degree, a class 5 felony; interference with monitoring devices, a class 4 felony; aggravated assault of a law enforcement officer, a class 3 felony; unlawful flight from law enforcement vehicle, a class 5 felony; and misconduct involving weapons, a class 4 felony. The superior court severed the misconduct involving weapons charge from the other offenses.

**¶7** A six-day jury trial took place and Defendant was found guilty of count 1, escape in the second degree; count 2, interference with monitoring device; and not guilty of count 4, aggravated assault. The jury was unable to reach a verdict regarding count 3, unlawful flight from a law enforcement vehicle. Defendant waived his right to a jury trial regarding count 5, misconduct involving weapons, and the superior court found him guilty on that count. Regarding counts 1, 2 and 5, the superior court found Defendant was on release from the charges in CR2013-003511-001, and had four prior felony convictions. Defendant was sentenced to 7 years' imprisonment regarding count 1, with no presentence incarceration credit, and was sentenced to the presumptive term of 12 years' incarceration regarding counts 2 and 5. The superior court ordered the sentences to run currently to each other, but consecutive to the sentences imposed in the 2013 matter.

**¶8** Defendant timely appealed and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).[2]

## DISCUSSION

**¶9** We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

---

[2] We cite to the current version of applicable statutes and rules when no revision material to this case has occurred.

¶10        Defendant was present and represented by counsel at all stages of the proceedings against him. The record reflects the superior court afforded Defendant all his constitutional and statutory rights, and the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above, was sufficient to support the jury's verdicts on counts 1, 2, and 5. Defendant's sentences fall within the range prescribed by law.

## CONCLUSION

¶11        Defendant's convictions and sentences are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Defendant's representation in this appeal will end after informing Defendant of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Defendant has 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:   AA

4